**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, <br><br>    Plaintiff, <br><br>vs. <br><br>CELLAR ADVISORS, LLC, <br><br>    Serve: 3300 Samuel Shephard Drive, <br>           St. Louis, Missouri 63103 <br><br>    Defendant. | Cause No.: _____ <br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Plaintiff, The Cincinnati Specialty Underwriters Insurance Company ("Cincinnati"), by and through undersigned counsel, pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, and for its Complaint for Declaratory Judgment against Cellar Advisors, LLC ("Cellar Advisors"), states as follows:

**I.     PARTIES, JURISDICTION, AND VENUE**

1. Cincinnati is a foreign insurance company organized and existing under the laws of the State of Ohio, and is licensed to do business in the State of Missouri.

2. Defendant Cellar Advisors is a limited liability company with its principal place of business in the City of St. Louis, Missouri.

3. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. § 1332, as this dispute is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

1

4.     Venue is proper in this District Court under 28 U.S.C. § 1391(a), as a substantial portion of the events at issue in this dispute occurred within the parameters of this District.

5.     This is an action for Declaratory Judgment, brought under 28 U.S.C. § 2201.

## II.     GENERAL ALLEGATIONS

6.     Cincinnati brings this action pursuant to 28 U.S.C. § 2201 and seeks a judicial declaration of Plaintiff's rights, duties, and obligations regarding an insurance policy it issued to Cellar Advisors.

7.     An actual judicial controversy exists between Cincinnati and the Defendant, and the resolution of all such matters raised herein will dispose of all issues and disputes between Plaintiff and Defendant.

8.     Cincinnati issued a Commercial General Liability Policy of insurance to Cellar Advisors, bearing policy number CS0048945, that was in effect from July 5, 2014 to July 5, 2015 (the "Policy"). The Policy is attached hereto as **Exhibit A**.

9.     The Policy insured property owned by Cellar Advisors, known as the Saint Louis Facility (Domaine Saint Louis, LLC) and the New York Facility (Domaine New York, LLC).

10.    The coverage issues related to this Declaratory Judgment Action involve allegations against Cellar Advisors, brought by Great Northern Insurance Company, the insurer of Reid and Krista Buerger, that Cellar Advisors lost, improperly accounted for, or failed to purchase a significant number of bottles of wine belonging to the Buergers, insureds of Great Northern, which Cellar Advisors agreed to select, purchase, transport, and store at their facilities in Saint Louis and New Jersey.

11.    The Policy contains the following relevant provisions:

## COMMERCIAL GENERAL LIABILITY COVERAGE

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under Section **II** – Who is An Insured.

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**
a. We will pay those sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

   \*\*\*

b. This insurance applies to "bodily injury: and "property damage" only if:

   **(1)** The "bodily injury or "property damage" is caused by an occurrence that takes place in the "coverage territory";

   **(2)** The "bodily injury" or property damage" occurs during the policy period; and

3

\*\*\*

2. **Exclusions**

This insurance does not apply to:

\*\*\*

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

\*\*\*

**j. Damage to Property**

"Property damage" to:

\*\*\*

   **(4)** Personal property in the care, custody or control of the insured;

**\*\*\***

**m. Damage To Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or
**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**CONTRACTORS – CHANGES TO COMMERCIAL GENERAL LIABILITY COVERAGE PART**

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART

### EXCLUSION – BREACH OF CONTRACT

**A.** The following exclusion is added to Paragraph **2., Exclusions** of **Section I – Coverage A – Bodily Injury and Property Damage Liability:**

This insurance does not apply to any claim for "bodily injury" or "property damage" arising directly or indirectly from breach of express or implied contract, including breach of an implied in law or implied in fact contract. This exclusion does not apply to liability for damages that an insured would have in the absence of the contract.

\*\*\*

### THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION – PROPERTY ENTRUSTED

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART.

### SCHEDULE

**Operations:**
Security and Patrol Agencies
Warehouse – cold individual storage lockers
Warehouses – miniwarehouses

As respects the operations shown in the Schedule, this insurance does not apply to "property damage" to property of others:

1. Entrusted to you for safekeeping; or
2. On premises owned by or rented to you.

\*\*\*

12. On or about December 2, 2016, Great Northern filed suit against Cellar Advisors, Domain Saint Louis, LLC, Marc Lazar, and Domain New York, LLC, in the Court of Common Please of Montgomery County, Pennsylvania, Cause No.: 2016-15600 (the "underlying lawsuit"), for allegations that Defendants lost, converted, improperly accounted for, failed to purchase and transport a significant number of bottles of high value wine belonging to the Buergers. Great Northern filed suit in subrogation to the Buergers claims against Cellar Advisors.

13. The underlying lawsuit alleges that in 2005, the Buergers began seeking Cellar Advisor's advice on selecting, purchasing, transporting, and storing high value wine for their collection.

14. By 2006, the Buegers entered into a contract with Cellar Advisors and Domaine Saint Louis to store bottles of wine in the St. Louis Facility. (See **Exhibit B).**

15. By 2012, the Buergers entered into a contract with Cellar Advisors and Domaine New York to store bottles of wine in the New York Facility. (**Exhibit C**)

16. Under the contract, Cellar Advisors and Domain were to seek and purchase wine on behalf of the Buergers and then the Buergers would either pay for it directly, or Cellar Advisors would make the purchase and send the Buergers an invoice for the purchase price.

17. Under the contract, Cellar Advisors and Domaine was to track and record the wine inventory belonging to the Buergers and to transport and store the wine.

18. Between 2005 and 2014, Cellar Advisors and Domaine purchased and/or stored approximately 10,000 bottles of wine on behalf of the Buergers.

6

19. In 2014, the Buergers decided to end their relationship with Cellar Advisors and Domaine and sought the return of their wine collection, pursuant to the terms of the contract.

20. The Buergers claim that there were inconsistencies with the wine as listed in their inventory as compared to the wine physically present in the collections at Facilities

21. The Buergers claim that more than 1,300 bottles of wine were missing from their collection, allegedly valued at nearly $2 Million.

22. Subsequently, the Buergers' insurance company, Great Northern, paid the value of the missing wine to the Buergers. Great Northern now seeks subrogation against Cincinnati in the amount they paid to the Buergers – $1,976,815.07.

23. The underlying lawsuit filed by Great Northern alleged eight counts of misconduct against Cellar Advisors, Domaine of Saint Louis, Domaine of New York, and Marc Lazar: conversion, breach of contract, unjust enrichment, negligent misrepresentation, negligence, gross negligence, bailment, and breach of fiduciary duty.

24. Cellar Advisors tendered defense and indemnity of this lawsuit to Cincinnati under the Policy issued to it by Cincinnati.

25. Cincinnati denied coverage for the allegations in the lawsuit for several reasons: (1) the claims for conversion, breach of contract, unjust enrichment, bailment, and breach of fiduciary duty do not constitute "occurrences" as the term is defined in the Policy; (2) there has been no "property damage" alleged by the underlying Petition as there are no allegations that the wine itself was physically injured; (3) the exclusions for "Expected or Intended Injuries", "Damage to Property:, "Damage to Impaired Property or Property Not Physically Injured", and "Breach of Contract" apply to prevent coverage; and (4) the

7

Policy's Endorsement for Property Entrusted applies to preclude the possibility of coverage for the allegations in the Complaint.

### III.   GROUNDS FOR DECLARATORY RELIEF

26. An actual case or controversy of a justiciable nature exists between Plaintiff and Defendant concerning the rights and obligations of each party under the Policy, and litigation in this controversy is inevitable and imminent.

27. A resolution of the matters raised in this Petition for Declaratory Judgment will dispose of all issues and disputes between the parties.

28. No coverage exists under the Cincinnati Policy for the claims and allegations in the Complaint filed by Great Northern against Cellar Advisors, as Cincinnati does not owe a duty to defend, nor a duty to indemnify, the claims and allegations in the underlying lawsuit.

29. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint's allegations for conversion, breach of contract, unjust enrichment, bailment, and breach of fiduciary duty do not allege an "occurrence" as that term is defined under the Policy and by applicable law.

30. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint because the damages alleged therein do not allege covered "property damage" as it is defined by the Policy.

31. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint because of the applicability of the Expected or Intended Injuries Exclusion contained in the Policy.

32. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint because of the applicability of the Damage to Property Exclusion contained in the Policy.

33. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint because of the applicability of the Damage to Impaired Property or Property Not Physically Injured Exclusion contained in the Policy.

34. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint because of the applicability of the Breach of Contract Exclusion contained in the Policy.

35. No coverage exists under the Cincinnati Policy at issue for the claims and allegations of the underlying lawsuit as the Complaint because of the applicability of the Property Entrusted Endorsement contained in the Policy.

36. As no coverage exists under the Cincinnati Policy at issue for the claims and allegations in the underlying lawsuit, Cincinnati has no duty to indemnify Cellar Advisors in the underlying lawsuit for any judgment that may be entered for Great Northern in the underlying lawsuit under the Policy at issue.

37. Cincinnati does not owe Cellar Advisors indemnify for any judgment entered against it in the underlying suit for the reasons listed and set forth above in paragraphs 24–31.

WHEREFORE, Plaintiff, Cincinnati, respectfully requests this Court to enter judgment in favor of Cincinnati, and against Defendant Cellar Advisors, on Cincinnati's Petition for Declaratory Judgment, and to declare:

A. That no coverage is afforded under the Cincinnati Policy for the claims and allegations in the underlying lawsuit, such that Cincinnati does not owe a duty to defend Cellar Advisors in the underlying lawsuit;

B. That in the event Great Northern obtains a judgment against Cellar Advisors in the underlying lawsuit, that the Cincinnati Policy provides no duty to indemnify Cellar Advisors;

C. That Plaintiff is entitled to its costs; and

D. Awarding Cincinnati such other relief that the Court deems just and proper under the circumstances.

Respectfully submitted,

BROWN & JAMES, P.C.

/s/  David P. Bub
David P. Bub, #MO44554
800 Market Street, Suite 1100
St. Louis, Missouri 63101
314-421-3400
314-421-3128 – Fax
dbub@bjpc.com
*Attorneys for Cincinnati Specialty Underwriters Insurance Company*

*13930471*