## Wine Storage Locker Agreement

1. **Definitions:**

As used in this Agreement the terms defined below shall have the following meanings:

   a. "Agreement" shall mean this document together with all inventories of stored items that relate to this document.
   b. "Lessee" shall mean the individual or entity (together with all agents, employees, successors, or assigns) contracting with the Lessor by this Agreement.
   c. "Lessor" shall mean Domaine New York LLC, a New Jersey limited liability company.
   d. "Full Locker," or "Half Locker," shall mean a particular physical space designated by the Lessor for use by the Lessee consistent with the terms of this Agreement.
   e. "Storage Locker" shall mean either Full Locker(s) or Half-Locker(s) subject to this Agreement.

2. **Nature of Services:**

Subject to availability, Lessor agrees to provide to Lessee one or more Storage Lockers (either Full Locker or Half Locker, at Lessee's option) for the storage of wine in a temperature-controlled environment. A Storage Locker shall be a physical space in the Lessor's warehouse, designated by the Lessor. Lessor shall also make available the additional services set forth in this Agreement and such other services as determined by Lessor in its discretion. Title to Lessee's wine shall remain vested in Lessee at all times during the term of this Agreement, and nothing in this Agreement shall be considered as constituting a sale of Lessee's wine to Lessor, or as giving Lessor any interest in Lessee's wine.

3. **Duration and Method of Payment:**

The term of this Agreement shall be 1 year payable quarterly in arrears ("Initial Term") from the date of the last signature placed on this Agreement or upon the receipt by the Lessor from the Lessee of any property for storage, whichever occurs first. Upon the expiration of the Initial Term, this Agreement shall automatically renew for successive periods of equal duration as the Initial Term ("Renewal Term") unless terminated, in writing, by either party no later than 90 days before the expiration of the Initial Term or then applicable Renewal Term (unless this Agreement is otherwise terminated as provided herein). Any sums that become due pursuant to this Agreement shall be due upon the Lessee's receipt of an invoice for same.

Lessee agrees to furnish Lessor with valid credit card information that will be used to satisfy all billing to the Lessee's account. Lessor is authorized to charge the Lessee's credit card for any amounts due and owing pursuant to this Agreement.

4. **Interest Charges and Invoice Payment(s)**

In the event the Lessee's account remains unpaid/outstanding for 35 days after the due date on the invoice for any such amounts, a fee of 1.5% will be added to the invoice total. An additional 1.5% interest fee will be applied for every 35-day cycle that passes without payment by the Lessee.

5. **Use of Storage:**

Storage Lockers shall be used solely for the purpose of storing still or fortified wine, or similar alcoholic beverages. Storage Lockers shall not be used for operation of any business or for human or animal occupancy. Lessee shall not use its Storage Locker for the storage of any item that shall be in violation of any requirement imposed by any board of health, department of sanitation, police department or other governmental agency.

6. **Capacity of Storage Locker(s):**



2

Lessee shall be responsible for ensuring that all items to be stored in its Storage Locker are safely stored in appropriately sized and durable containers. For billing purposes, client wine will be stored in either a full locker space (54 standard cases) or a half locker space (27 standard cases).

### 7. Damage to Storage Locker(s):

If the Lessee's Storage Locker, or any part thereof, becomes damaged due to Lessee's gross negligence or willful act, the damage shall be repaired by the Lessor and the Lessee will be responsible for all costs therein incurred to effectuate repairs. Lessee shall not be responsible for reasonable wear and tear.

### 8. Representation as to Ownership or Right to Store:

Lessee represents that he/she/it has good title to all stored items, and that there are no legal restrictions relating to the Lessee's right to store said items. Lessee shall indemnify and hold Lessor harmless in the event Lessor incurs any liability or expense whatsoever relating to the title, ownership, seizure, forfeiture or possession of any stored item(s).

### 9. Right of Inspection and Access:

Lessor and its agents shall have the right at all times during the Initial Term of this Agreement and any Renewal Term thereafter to enter the Storage Locker(s) for the purpose of inspecting the integrity of the structure and contents thereof, to inventory the contents, and/or to ensure that the contents consist of nothing other than still or fortified wine or similar alcoholic beverages. Lessees shall be granted physical access to their stored property by appointment only, and at times agreed to by Lessor. Any inspection done by Lessee will require accompaniment by an agent of Lessor, and such inspection, plus reasonable time spent by Lessor's agent locating, pulling and otherwise making Lessee's wine accessible, shall be billable in 15 minute increments at a rate of $50.00 per hour.

### 10. Holdover by Lessee:

Notwithstanding anything in this Agreement to the contrary, in the event any account falls more than 90 days in arrears, and upon written notice to Lessee, Lessor may deny Lessee access to the Storage Locker(s) and/or their contents until Lessee's account has been paid in full.

### 11. Default:

**If Lessee defaults in payment, or breaches any other provision of this Agreement, Lessor shall deliver to the last known address of Lessee written notice of such default or breach, and Lessee will have 30 days following receipt of such notice to cure the default or breach to Lessor's satisfaction. If such default or breach shall remain uncured after 30 days, Lessor shall have the right to terminate this Agreement and to pursue any legal or other remedies available to Lessor as a public warehouse under NJ Rev. Stat § 12a. 7-210 or any other applicable statue.**

### 12. Indemnity:

Except in cases of gross negligence or intentional misconduct of Lessor or its Representatives (as defined below), Lessee hereby unconditionally, irrevocably and absolutely agrees to indemnify and hold harmless Lessor, together with its past, present and future employees, members, managers, officers and agents, and its and their respective successors and assigns (the "Representatives") from any claim, action, liability, loss, damage or suit arising from, relating to or otherwise involving: (i) the transport, handling, or storing of the items placed or to be placed into storage, or the effect on such items of any ambient conditions, fire, flood, failure of interior and/or exterior structures both secured and/or unsecured, sprinkler discharge, or any other claim that may arise from conditions or factors beyond the control of the Lessor; (ii) a breach of any provision or representation of this Agreement by Lessee; (iii) the performance of any obligation under this Agreement by Lessor or any of its agents; (iv) the use by Lessee of its Storage Locker(s); and (v) the assertion of any claim of subrogation against Lessor or any of its agents by any third party (including but not limited to any insurance company) arising out of or with respect to this Agreement and the performance of any obligation hereunder. The foregoing does not impair the right of Lessee to

make claims and collect the proceeds under policies of insurance covering claims for damage to, or loss of wine, when such coverage is purchased by Lessee from Lessor.

### 13. Limitation of Liability:

In addition to any limitations set forth elsewhere in this Agreement, Lessor's liability under this Agreement shall be limited to the following:

(i) in the event of any damage or loss, in no event shall Lessor's liability under this Agreement exceed the most recent estimated value of Lessee's wine stored in its Storage Locker, as reflected in the inventory records of Lessor. Lessee shall bear the responsibility for ensuring that such estimated value is current;

(ii) in no event shall Lessor be liable for any special, indirect, exemplary, consequential or punitive damages, including but not limited to lost profits; and

(iii) any such loss claimed by Lessee under this Section shall be net of any insurance proceeds payable to Lessee in respect of such damage or loss.

### 14. Binding Effect:

The covenants and conditions herein contained shall apply to and bind the heirs, legal representatives, and assigns of the parties hereto, and all covenants are to be construed as conditions of this Agreement.

### 15. Inventory:

All items stored in a Storage Locker must be inventoried and entered into Lessor's computerized inventory and valuation system. For the purposes of this Agreement, the inventory shall include the quantity, wine name, vintage, producer, special vineyard designation (where applicable), box code, bottle size and stated value of all stored items. Inventory work (verifying contents, packing, re-packing, valuation, data-entry, labeling of boxes, etc.) is billable in 15 minute increments at a rate of $50.00 per hour, per person. Upon Lessee's request, Lessee shall receive a complete inventory and valuation printout of Lessee's stored items, at no additional charge.

### 16. Fees, Services, and Additional Information:

Storage Rates:

| Length of Initial Term | Half Locker | Full Locker |
|---|---|---|
| 1 year | $372 per year | $745 per year |

These rates reflect a per case rate of $1.15 per month

Shipping & Handling:

Any items picked-up and/or delivered by Lessor ("Moves") will be billable to Lessee based on location, at a minimum of $10 per Piece (as defined below) or the amount Lessor is billed if Lessor outsources such Move. A "Piece" is defined as any single package which contains up to (and including) 12 Standard Bottles.

Any items picked-up/or delivered to locations in Manhattan shall be free of charge for the first Move in any month for up to two Pieces total. Any Moves subsequent to the first Move in any month will be subject to a $10.00 per Piece handling fee (minimum of $20.00). All pick-up(s)/delivery(s) after the first two Pieces each month will also be subject to a $10.00 per Piece fee, regardless of the number of Moves in said month.

Any pick-up/delivery outside of Manhattan will be subject to Lessor's normal shipping and handling fees (rates available upon request). Retrieval and inventory labor associated with the any/all items goods picked-up or delivered are billable in 15 minute increments at a rate of $50.00 per hour.

4

All Pieces picked-up by the Lessee or any agents of the Lessee shall be marked by Lessor with a sticker or marker indicating Lessee's last name or client ID number. Lessor may also mark boxes with stickers or numbers if deemed necessary by the Lessor.

Lessee must provide a minimum of 72 hours advance notice (3 business days) for any pick-up or delivery request. In the event of unforeseen circumstances, "last-minute" requests may be honored. Such requests will be assessed an additional $50 fee and must coincide with Lessor's delivery schedule.

<u>Boxes & Supplies:</u>

Lessor offers various packing supplies for any wines held in storage or being delivered. Other sized boxes, Styrofoam containers and supplies are available upon request (inquire for further rate schedule of boxes and additional supplies).

*[Remainder of page intentionally left blank.]*

Insurance:

LESSEE IS RESPONSIBLE FOR OBTAINING ADEQUATE INSURANCE COVERAGE FOR ALL STORED ITEMS.

(Please initial the blank space next to the insurance option that will apply to this Agreement.)

\_\_\_\_  Lessee elects to buy specific wine coverage through Lessor in Lessee's name for a minimum value equal to the estimated value of the wine and other items Lessee shall store with Lessor. The terms of such wine coverage are set forth on Schedule A to this Agreement.

X   Lessee does not elect to purchase specific wine coverage but has sufficient homeowners' insurance or other similar insurance that provides coverage for wine stored outside the home, and said insurance shall cover any and all loss of wine sustained by Lessee while such wine is in Lessor's storage facility (or en route to or from such facility). In the event such policy does not cover any such loss, Lessee shall assume any and all risk of loss arising out of, relating to, or in any way associated or connected with Lessor's performance under this Agreement.

\_\_\_\_  Lessee waives all offers of insurance and is solely and personally responsible for any and all risk of loss of wine stored at Lessor's storage facility (or transferred to such facility) pursuant to this Agreement. Lessee hereby assumes any and all risk of loss arising out of, related to, or in any way associated or connected with Lessor's performance under this Agreement.

Taxation:

Lessor shall charge and collect from Lessee all applicable taxes with respect to Lessor's provision of storage space for Lessee's wine pursuant to this Agreement. Lessee shall fully comply with all federal, state and local laws regarding the ownership, transportation, labeling, taxation or other use of wine as contemplated by this Agreement.

## 17. Governing Law and General Terms

This Agreement shall be deemed to have been made and entered into in the State of New Jersey. This Agreement shall be governed by the laws of the State of New Jersey without regard to conflict of laws and principles. This Agreement represents the entire understanding between the parties and shall supersede all prior Agreements, representation or understandings of the parties. This Agreement may not be modified other than in writing signed by both parties. In the vent that one or more of the provisions contained in this Agreement are held invalid, illegal or unenforceable in any respect for any reason, the validity, legality and enforcement of any such provision in every other respect, and of the remaining provisions contained herein, shall not be in any way impaired thereby.

## 18. Termination:

Either party may terminate this Agreement by providing written notice of termination to the other party. Except with respect to terminations resulting from non-renewal of a term, any termination shall be effective 30 days after the receipt of such termination notice. Following termination of this Agreement for any reason, Lessee shall remove all personal property from its Storage Locker(s) no later than the effective date of the termination.

In the event Lessee terminates this Agreement as set forth above, no storage fees that have been paid by Lessee to date shall be refunded by Lessor (and any storage fees that are due and payable but have not yet been paid by Lessee shall remain due and payable). Additionally, if after the initial term, Lessee terminates this Agreement for any reason other than non-renewal of the Initial Term or any Renewal Term, Lessee shall pay to Lessor, within 30 days of such termination, a cancellation fee equal to 40% of the total aggregate storage fee that was to be paid by Lessee for the remainder of the Renewal Term, as applicable. For avoidance of doubt, no cancellation fee shall apply to any termination by lessee during the initial term. The parties acknowledge that such cancellation fee represents liquidated damages and not a penalty.

6

If Lessor terminates this Agreement for any reason other than non-renewal of the Initial Term or any Renewal Term, Lessor shall refund that portion of the annual storage fee paid by Lessee equal to the proportion of the year that remains on such Initial Term or Renewal Term bears to the full year of such Initial Term or Renewal Term (based on a 365-day year).

### 19. Relationship:

The relationship between Lessor and Lessee shall be solely that of independent contractors, and this Agreement shall not be deemed to create any relationship of agency, employment, partnership or joint venture between the parties.

### 20. Counterparts:

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, and all such counterparts shall constitute but one and the same agreement.

### 21. Survival:

Paragraphs 3,6,7,8,9,10,11,12 and 17 of this Agreement shall survive its expiration or termination.

*[Remainder of page intentionally left blank; signature page follows.]*

7

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the dates set forth below.

"LESSEE"

Name (Print): Reid S. Buerger
Signature:
Date:
Phone: 877-836-8300
Email: c/o Richard Cooper (rcooper@coventry.com)
Address: 7111 Valley Green Road
Fort Washington, PA 19034

"LESSOR"

Domaine New York LLC

By:
Name: Kristen Hof
Title: Office Manager
Date:

CREDIT CARD AUTHORIZATION

Payment for storage is due at the signing of the contract. If you have a multi-year contract, your card will be charged on the anniversary of the lease start date for the duration of your lease. By signing below, you agree to these terms.

Billing Address (if different than above): 225 Mathers Road, Ambler, PA 19002
Card Number: 3717-117012-99003
Expiration Date: 6/20
Security Code: 6126
Client Signature:

## Schedule A

Insurance Rates

| ESTIMATED VALUE OF WINE* | RATE OF ANNUAL INSURANCE PREMIUMS |
|---|---|
| Up to $50,000.00 | $0.68 per $100 in estimated value |
| $50,000.01 to $100,000.00 | $0.65 per $100 in estimated value |
| $100,000.01 to $250,000.00 | $0.60 per $100 in estimated value |
| $250,000.01 to $1,000,000.00 | $0.55 per $100 in estimated value |
| $1,000,000.01 to $2,000,000.00 | $0.50 per $100 in estimated value |
| More than $2,000,000.00 | Call for rates |

* The estimated value of wine is to be based upon a reasonable valuation provided to Lessor by Lessee; provided, that if Lessee does not provide such valuation, the estimated value shall be determined by Lessor through a third-party valuation service. The estimated value of wine shall be established at the beginning of each year of the Initial Term or Renewal Term, and the premium due shall be based upon such value, with no refunds in the event of a decrease in value during the course of the year.

Estimated value of Lessee's items stored with Lessor: $_____.

Rate of annual insurance premiums: _____

Total annual insurance premium = $_____

Insurance premiums shall be payable as follows: _____